# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: April 5, 2018

| | |
|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED |
| S.O. and A.O., Parents and Natural | |
| Guardians of T.A.O., a Minor, | Chief Special Master Dorsey |
| | |
| | No. 08-125V |
| Petitioners, | |
| | Attorneys' Fees and Costs; Autism; |
| v. | Administrative Work; |
| | Duplicative Work of Co-Counsel; |
| SECRETARY OF HEALTH | Travel Unrelated to the Hearing. |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioners.
Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 3, 2008, S.O. and A.O. ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"), as the Natural Guardians of their son, T.A.O., a minor.  Petitioners alleged that multiple childhood vaccinations that T.A.O. received caused him to develop autism or autism spectrum disorder ("ASD").

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.**  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may objection to the published Decision's inclusion of certain kinds of confidential information.  Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the whole decision will be available to the public in its current form.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

This case was part of the J.M. et al. (02-10V) omnibus case.  On May 6, 2014, petitioners filed a status report in which they agreed to be bound by the ruling in J.M et al.  The undersigned issued a decision dismissing both J.M. et al. and this case on August 31, 2017.  J.M. et al. v. Sec'y of Health & Human Servs., 02-10V, 2017 WL 7409771 (Fed. Cl. Spec. Mstr. Aug. 31, 2017).

On August 28, 2017, petitioners filed a motion for interim attorneys' fees and costs.  Petitioners' Interim Application ("Pet. App.") dated August 28, 2017 (ECF No. 105).  Petitioners requested $91,012.40 in attorneys' fees to compensate their attorney, Mr. Robert Krakow, and $10,076.37 in costs, including $450.00 in petitioners' costs.  Pet. App., Ex. 27, Tab 2 at 56.  Petitioners filed a supplemental motion for attorneys' fees and costs on November 5, 2017, requesting an additional $2,282.25 in supplemental attorneys' fees for the winding up of the case.  Pet. Supplemental ("Supp.") App. dated Nov. 5, 2017 (ECF No. 112), Tab 6 at 1.  Thus, petitioners request a total of $93,294.65 in fees and $10,076.37 in costs, for a total request of $103,371.02 in fees and costs.

Respondent did not file a response to petitioners' motion for interim fees and costs or petitioners' supplemental motion for fees and costs.  For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards $78,142.59 in attorneys' fees and costs and $445.00 in petitioners' costs.

## I.      Discussion

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(3).  Respondent has not objected to petitioners' application for fees and costs on the basis of a lack of good faith or reasonable basis.  The undersigned finds that petitioners brought their petition in good faith and with a reasonable basis, and therefore will award reasonable attorneys' fees and costs.

### a.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed.

Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson, 24 Cl. Ct. 482, 484, (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i.  Hourly Rates

Petitioners request compensation for Mr. Krakow in the amounts of $335.00 per hour for work performed in 2008; $345.00 per hour for work performed in 2009; $355.00 per hour for work performed in 2010; $365.00 per hour for work performed in 2011; $375.00 per hour for work performed in 2012; $385.00 per hour for work performed in 2013; $396.00 per hour for work performed in 2014; $413.00 per hour for work performed in 2015; $425.00 per hour for work performed in 2016; and $435.00 per hour for work performed in 2017.  Pet. App. at 14.  In support of these rates, Mr. Krakow states that he has 37 years of experience practicing law, 14 of which are in the Vaccine Program.  Id.  Mr. Krakow based his most hourly rate increases on the Office of Special Masters' 2015-2017 Fee Schedules, which specify hourly rate ranges for attorneys based on the standards set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3]

Counsel also requests paralegal rates for paralegal work performed by Mr. Krakow.  Mr. Krakow requests $125.00 per hour for paralegal work performed between 2008 and 2016.  Pet. App., Tab 2 at 57.  He requests $140.00 per hour for paralegal work performed in 2017.  Id.  Mr.

The undersigned has evaluated Mr. Krakow's requested attorney rates in many other decisions regarding attorneys' fees and costs and has awarded Mr. Krakow's herein requested attorney hourly rates from 2009 to 2016.  Laderer v. Sec'y of Health & Human Servs., 09-97V, 2016 WL 3044838 (Fed. Cl. Spec. Mstr. Apr. 20, 2016).  Moreover, the undersigned finds the hourly rate requested for work performed in 2008 reasonable in light of the analysis set forth in

---

[3] The 2015-2016 Hourly Rate Fee Schedule can be accessed at: www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

Laderer.[4]  With respect to the requested rate of $435.00 per hour for work performed in 2017, the undersigned agrees with the analysis of Special Master Millman in J.O. v. Sec'y of Health & Human Servs., 14-946V, 2017 WL 3165641 (Fed. Cl. Spec. Mstr. June 27, 2017), finding Mr. Krakow entitled to this rate, and the undersigned awards $435.00 per hour for Mr. Krakow's work in 2017.

With respect to the requested paralegal rates, in Laderer, the undersigned stated that a reasonable paralegal hourly rate for Mr. Krakow's work was $125.00 per hour for work performed between 2009 and 2016.  2016 WL 3044838, at *3.  In this case, Mr. Krakow requests a rate of $125.00 per hour for paralegal work performed between 2008 and 2016, and he requests a rate of $140.00 per hour for paralegal work performed in 2017.  Pet. App. at 17.  Several other special masters have raised Mr. Krakow's paralegal rate to $140.00 per hour in 2017, and the undersigned follows the reasoning set forth in those cases and awards a paralegal rate of $140.00 per hour in 2017.  See Webb v. Sec'y of Health & Human Servs., 15-1387V, 2017 WL 22009902 (Fed. Cl. Spec. Mstr. Apr. 24, 2017) (Special Master Sanders); J.O., 2017 WL 3165641 (Special Master Millman).

### ii.  Reduction of Billable Hours

While the undersigned agrees that petitioners are entitled to an award of attorneys' fees, a reduction in the number of hours billed by Mr. Krakow is appropriate for four reasons.  First, much of the time that Mr. Krakow billed is duplicative with the time billed by Mr. John McHugh, the lead counsel for the J.M. et al. omnibus.  Second, counsel requests compensation for multiple hours of administrative work, including filing documents, scheduling status conferences, and organizing files.  Third, petitioners' counsel billed excessive time for travel that was not related to the hearing in the case.  Finally, counsel billed for time spent attempting to gain access to the Vaccine Safety Datalink ("VSD"), despite the fact that two earlier motions for access to the VSD were denied.

For all of these reasons, each of which is explained in further detail below, the undersigned reduces the number of billable hours for which petitioners' counsel is entitled to compensation by 20 percent, or $18,658.93.[5]

---

[4] The undersigned noted in Laderer that historically, Mr. Krakow and respondent negotiated and filed stipulations for attorneys' fees awards.  The undersigned was unable to find any fee decisions discussing Mr. Krakow's hourly rate prior to 2014.  2016 WL 3044838, at *3.

[5] In her decision awarding Mr. McHugh interim attorneys' fees and costs, the undersigned reduced Mr. McHugh's requested fees from $465,060.00 to $305,492.75, resulting in an approximately 39 percent cut.  See J.M. et al. v Sec'y of Health & Human Servs., 02-10V, 2016 WL 720969.  In the decision awarding final fees and costs, the undersigned reduced Mr. McHugh's fees from the requested $343,231.80 to $202,993.80, a reduction of over 40 percent.  Mr. McHugh did not file a motion for review of either of those decisions.  J.M. et al. v. Sec'y of Health & Human Servs., 02-10V, 2018 WL 1514433 (Fed. Cl. Spec. Mstr. Feb. 13, 2018); see also Raymo v. Sec'y of Health & Human Servs., 11-654V, 2016 WL 7212323 (Fed Cl. Spec.

### 1.   Duplicative Billing with Work Performed by Co-Counsel

As explained by Mr. McHugh in his motion for attorneys' fees and costs in the J.M. et al. case, Mr. McHugh acted as lead counsel for petitioners in the omnibus case.  2018 WL 1514433.  Mr. Krakow described his work in the omnibus case as "co-counsel to the lead counsel, John F. McHugh," and stated that "[s]ince approximately September 2016[,] petitioners' counsel has been required to engage only in a limited amount of work in this case."  Pet. App. at 2.  Mr. Krakow further explained that much of the work he performed in the case from 2012 forward was split between this case and the P.R. et al. (10-96V) case, which was also part of the J.M. et al. omnibus.  Id. at 2.  Additionally, Mr. Krakow stated that he "participated in all aspects of the proceeding," including the hearings that were held in March and May 2016.  Id.

Due to the nature of Mr. Krakow's work as co-counsel, the undersigned finds that much of the work in performed by Mr. Krakow in this case is duplicative of the work performed by Mr. McHugh in the J.M. et al. omnibus.  For example, Mr. Krakow billed numerous hours in this case to review scheduling orders, medical literature, and the expert reports filed by both petitioners' and respondent's experts.[6]  However, Mr. McHugh, as lead counsel, also billed time in the J.M. et al. case for reviewing all of the same articles, expert reports, and scheduling orders.  Petitioners have not provided a sufficient explanation as to why it was necessary for Mr. Krakow to extensively review medical articles, orders, and other documents in the omnibus, in addition to the time billed by MR. McHugh for extensive time spent adjudicating the cases.[7]  The undersigned does not intend to discourage petitioners' counsel from working with other counsel.  However, in this case, the amount of duplicative entries is particularly concerning, especially in light of Mr. Krakow's concession that Mr. McHugh acted as lead counsel in the case.

---

Mstr. Nov. 2, 2016); aff'd 129 Fed. Cl. 691 (Fed. Cl. Dec. 14, 2016) (Judge Lettow upheld the undersigned's decision reducing counsel's fee request by 48%).

[6] In 2015 alone, nearly all of Mr. Krakow's billing entries are in some way duplicative of those of Mr. McHugh.  For example, on January 29, 2015, Mr. Krakow billed time for reviewing medical literature.  Pet. App., Tab 2 at 23.  On April 2, April 5, and May 15, 2015, he billed time for reviewing case orders filed in the omnibus cases.  Id. at 23-24.  On August 1 and August 3, 2015, Mr. Krakow billed time for reviewing the expert report of Dr. Deisher, and on August 4, 2015, he billed time for reviewing medical literature and planning for the hearing.  Id. at 26.  On August 6 and August 10, August 14, August 19, and August 21, 2015, Mr. Krakow billed time for further review of Dr. Deisher's materials and the medical literature submitted by petitioners.  Id. at 26-27.  During this time, Mr. Krakow also billed time for reviewing submissions from respondent's experts.  Throughout the remainder of 2015, and indeed, during the duration of the case, Mr. Krakow billed time for reviewing medical literature, expert reports, scheduling orders, and other documents, all of which McHugh, as lead counsel, would have also reviewed.

[7] In total, the undersigned awarded petitioners' lead counsel, John McHugh, $508,936.55 in attorneys' fees for the prosecution of the J.M. et al. omnibus cases.  See J.M. et al., 2018 WL 1514433; J.M. et al., 2016 WL 720969.

The undersigned has previously found it reasonable to reduce attorneys' fees awards due to duplicative billing. See Lord v. Sec'y of Health & Human Servs., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Human Servs., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015); J.M. et al., 2016 WL 720969; Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms worked on a case together).

## 2. Excessive Communication with Co-Counsel

The undersigned further reduces petitioners' fee award for the excessive number of hours billed by Mr. Krakow to communicate with co-counsel, Mr. McHugh, and petitioners' expert, Dr. Deisher. Mr. Krakow billed approximately 22 hours, totaling nearly $10,000.00, to discuss the case with lead counsel, John McHugh, as well as with other omnibus attorneys.[8] The undersigned finds these entries excessive and duplicative, as Mr. McHugh's application for attorneys' fees in the J.M. et al. case was similarly replete with entries for communicating with Mr. Krakow and other co-counsel. The undersigned has previously reduced a petitioner's fee application when counsel bills for meetings between each other, as such billing is excessive and duplicative. Bondi v. Sec'y of Health & Human Servs., 12-476V, 2017 WL 1046526 (Fed. Cl. Spec. Mstr. Feb. 23, 2017) (reducing counsel's invoice for three law firm partners each billing time for case meetings and emails with each other). Petitioners have not provided a sufficient explanation of why it was necessary for Mr. Krakow to spend over 22 hours discussing the case with Mr. McHugh, and the undersigned finds this communication to be particularly excessive.

Other special masters as well as the undersigned have reduced fee awards for excessive and duplicative intraoffice communication. See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

## 3. Administrative Work

The undersigned also finds it reasonable to reduce petitioners' fee award due to the excessive amount of administrative work billed by counsel. Mr. Krakow billed more than 60 hours of attorney and paralegal time between 2008 and 2017, totaling over $10,000.00, for performing administrative tasks such as setting up meetings, organizing exhibits, bates stamping records, filing

---

[8] This estimate does not include the duplicative time Mr. Krakow billed for working with Mr. McHugh and/or Dr. Deisher to prepare for the trial.

records, burning discs, mailing documents, completing case inventory, receiving docket notices, organizing files, and updating calendars.[9]  It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates").  Other attorneys participating in the J.M. et al. omnibus were previously warned that administrative time would not be compensated, and the undersigned reduces petitioners' fee application for administrative time.  J.M. et al., 2016 WL 720969, at *5 (reducing Mr. McHugh's time for administrative work).

### 4.  Travel Time

The undersigned also finds it reasonable to reduce Mr. Krakow's fee award for the five hours of time he billed for traveling from New York to Baltimore, Maryland in July 2014.  Pet. App., Tab 2 at 22.  This travel was unrelated to travel for the hearings held in March and May 2016.  Petitioners stated that the purpose of the travel was for a "meeting of petitioners' counsel for [J.M. et al.] omnibus."  Id. at 54.  Petitioners have not provided any explanation as to why it was necessary for such a meeting to take place in person, rather than over the phone.  Indeed, petitioners' invoice otherwise reflects that counsel communicated over the phone at length with co-counsel and experts.  The undersigned thus finds the time billed by Mr. Krakow for traveling to Baltimore, Maryland, in July 2014, travel which was unrelated to the hearing, to be unreasonable and excessive.

---

[9] Mr. Krakow's billing records for both his attorney and paralegal time contain numerous entries for time that is best characterized as administrative in nature.  Some administrative time was billed along with other attorney or paralegal work.  The following is a non-exhaustive list of dates on which Mr. Krakow billed at an attorney or paralegal rate for performing administrative work: September 18, 2008; April 6, 2009; September 24, 2010; September 25, 2010; October 15, 2010; October 24, 2010; October 26, 2010; June 1, 2011; September 23, 2011; November 10, 2011; November 28, 2011; December 11, 2011; December 13, 2011; April 12, 2012; April 14, 2012; May 3, 2012; October 17, 2012; November 3, 2012; November 26, 2012; January 23, 2013; April 15, 2013; April 23, 2013; May 2, 2013; June 12, 2013; June 29, 2013; July 31, 2013; August 19, 2013; September 27, 2013; January 6, 2014; January 8, 2014; January 19, 2014; March 2, 2014; March 10, 2014; April 20, 2014; May 7, 2014; May 8, 2014; July 24, 2014; December 8, 2014; April 2, 2015; April 5, 2015; May 15, 2015; May 18, 2015; July 9, 2015; July 20, 2015; September 11, 2015; October 22, 2015; October 29, 2015; November 1, 2015; November 3, 2015; November 16, 2015; November 17, 2015; November 19, 2015; December 6, 2015; December 17, 2018; December 21, 2015; January 6, 2016; January 8, 2016;  January 9, 2016; January 11, 2016; January 12, 2016; January 13, 2016; January 13, 2016; January 14, 2016; January 15, 2016; January 18, 2016; January 19, 2016; January 20, 2016; January 22, 2016; February 11, 2016; February 18, 2016; February 24, 2016; February 25, 2016; February 29, 2016; March 1, 2016; March 2, 2016; March 3, 2016; March 4, 2016; March 8, 2016; March 10, 2016; March 12, 2016; March 13, 2016; March 14, 2016; March 16, 2016; March 28, 2016; April 15, 2016; May 4, 2016; and June 11, 2017.  See Pet. App., Tab 2.

**5.  Time Spent Working on Motions to Access the Vaccine
Safety Datalink and the SEED Database**

As was discussed in <u>J.M. et al.</u>, 2018 WL 1514433, at *5, the undersigned finds that
petitioner's fee application should be further reduced for the time that counsel spent working on
additional motions to compel access to the Vaccine Safety Datalink ("VSD"), as well as the time
counsel billed in May 2016 for a motion to gain access to information contained in the Study to
Explore Early Development ("SEED") database.  Mr. Krakow billed over six hours of time in
2015 related to preparing and filing a third  motion to access the VSD,[10] and he billed over 7.5
hours of time in 2016 related to a motion to access information contained in the SEED database.

Petitioners in the <u>J.M. et al.</u> case made several attempts throughout the life of the
omnibus cases to access information in the VSD and other government databases.  Mr. McHugh
filed motions to compel access to the VSD and motions to compel documents from other
government sources in February and March 2012.  In an extensive and well-reasoned Order
issued on June 12, 2013, then-presiding Chief Special Master Patricia Campbell-Smith denied
petitioners' motions to compel access to the VSD.  <u>J.M. et al. v. Sec'y of Health & Human
Servs.</u>, No. 02-10V, 2013 WL 3368236 (Fed. Cl. Spec. Mstr. June 12, 2013).  Shortly thereafter,
the case was transferred to Special Master George Hastings for further adjudication.  On July 12,
2013, the omnibus petitioners filed a motion for reconsideration of Chief Special Master
Campbell-Smith's Order, and Special Master Hastings denied petitioners' motion for
reconsideration in a second well-reasoned and detailed order.  <u>J.M. et al. v. Sec'y of Health &
Human Servs.</u>, No. 02-10V, 2013 WL6038670 (Fed. Cl. Spec. Mstr. July 12, 2013).

Despite two extensive and detailed orders denying the omnibus petitioners access to the
VSD, petitioners filed a third motion to compel access to the VSD in the <u>J.M. et al.</u> case on October
1, 2015, for which Mr. Krakow has billed time in this case.  The undersigned denied the motion to
compel on August 30, 2016.  <u>J.M. et al. v. Sec'y of Health & Human Servs.</u>, 02-10V, 2016 WL
5362878 (Fed. Cl. Spec. Mstr. Aug. 30, 2016).[11]  Similarly, on May 5, 2016, petitioners filed a
motion to subpoena a government employee to "testify as to the composition and research use of
data collected by … SEED."  Pet. Mot. dated May 5, 2016 (ECF No. 261) at 1.  Petitioners further
wished to subpoena Dr. William Thompson of the Centers for Disease Control to testify regarding
matters unrelated to the theory of causation in the case.  <u>See id.</u>

Two extensive, detailed, and well-reasoned orders were issued denying petitioners'
motions for access to the VSD, and an explanation was provided as to why the Vaccine Program
could not give petitioners access to the information they sought to subpoena or otherwise compel.

---

[10] These entries include but are not limited to the following dates: September 2, 2015; September
4, 2015; September 8, 2015; September 11, 2015; September 12, 2015; September 30, 2015;
October 1, 2015; October 15, 2015; October 23, 2015; and October 26, 2015.  <u>See</u> Pet. App., Tab
2 at 28-30.

[11] On May 11, 2017, petitioners made a fourth attempt to renew their motion for access to the
VSD during the rebuttal testimony for Dr. Deisher, which the undersigned denied from the
bench.

The special masters adjudicating those motions also made clear that neither the information contained in the VSD nor the SEED database was relevant to petitioners' medical theory of causation and was not needed to go forward with the omnibus. Thus, the undersigned finds that the additional hours billed by Mr. Krakow, totaling over $5,000.00, for preparing additional VSD motions and the motion to compel information from SEED, are unreasonable.

### b.  Costs

Petitioners request $9,631.37 in attorneys' costs and $445.00 in petitioners' out-of-pocket costs, for a total of $10,076.37. Pet. App. at 4. Like attorneys' fees, attorneys' costs must also be reasonable. Sabella, 86 Fed. Cl. at 206. After carefully considering petitioners' application and for the reasons discussed below, the undersigned awards a total of $3,506.87 in costs and $450.00 in petitioners' costs.

### i.  Expert Costs for Dr. Deisher and Research Assistants

Petitioners request a total of $7,300.00 to compensate Dr. Theresa Deisher and her assistants for work they billed on the case between 2013 and 2014. Dr. Deisher billed 12 hours of time at a rate of $500.00 per hour, and her research assistants billed 9 hours of work at a rate of $125.00 per hour. Pet. App., Tab 3 at 43. For the reasons discussed below, the undersigned awards a total of $480.00 in costs for work performed by Dr. Deisher.

### 1.  Hourly Rates

The undersigned has previously found that $300.00 per hour is a reasonable hourly rate for Dr. Deisher's work, and she will compensate Dr. Deisher at this rate. J.M. et al., 2018 WL 1514433, at *9.

With regard to the work performed by Dr. Deisher's research assistants, Ms. Angelica Omaiye and Ms. Katie Doan, the undersigned declines to award for work performed in this case, as the work they performed was research based and was not related to the medical theory of causation in the case. For the same reasons set forth in J.M. et al., the undersigned will not award fees for Ms. Omaiye and Ms. Doan in this case. J.M. et al., 2018 WL 1514433, at *13-16.

### 2.  Reductions

Petitioners filed an invoice from Dr. Deisher and her team reflecting the work they performed in the case. Pet App., Tab 3 at 43. However, much of the time billed by Dr. Deisher is duplicative of time which she billed and for which she was compensated in the J.M. et al. case. J.M. et al., 2018 WL 1514433, at *12-14 For example, on April 22, 2013, Dr. Deisher billed 45 minutes for reviewing her expert report, and on September 23, 2013, she billed 4 hours of time to "write opinion." An expert report from Dr. Deisher was not filed in this case, and Dr. Deisher already received compensation for drafting the expert reports which were filed in the J.M. et al. omnibus. Id. Similarly, on September 18, 2013, Dr. Deisher billed 1 hour and 15 minutes of time to discuss a "detailed explanation of plan," with Mr. Krakow. The undersigned has already

compensated Dr. Deisher for work of this nature in J.M. et al., and thus finds these additional entries duplicative.  See id.

As discussed above, both Dr. Deisher and her research assistants also billed time in this case for research and other work that was unrelated to the medical theory of causation in the J.M. et al. omnibus. [12]  For example, on January 23 and February 6, 2013, Dr. Deisher billed time to discuss a genetic report with Mr. Krakow, and on February 6, 2013, Ms. Doan and Ms. Omaiye collectively billed 9 hours of time to "transcribe[] DNA," and perform "molecular modeling." Pet. App., Tab 3 at 43.  These entries do not appear to be related to the medical theory of causation as discussed in J.M. et al., and the undersigned finds that they are not compensable. For these reasons, the undersigned reduces Dr. Deisher's invoice by $5,620.00.

### ii.  Other Costs

In addition to expert fees, Mr. Krakow also requests reimbursement for other expenses incurred during the hearings in March and May 2016, as well as incidental expenses during these trips.  Mr. Krakow also seeks reimbursement for a trip to Baltimore in July 2014 to meet with experts and other co-counsel in the J.M. et al. omnibus.  The undersigned reimburses Mr. Krakow for all of his requested expenses, with the exception of the following items discussed below.

Mr. Krakow requests reimbursement for costs related to traveling from his office in New York, New York, to Baltimore, Maryland in July 2014.  These costs include $231.00 in mileage for driving from New York to Baltimore, $35.55 in highway tolls, $30.90 in meals, and $154.47 in hotel costs.[13]  Pet. App., Tab 2 at 54-55; Pet. App., Tab 3 at 8-11.  The undersigned finds these costs unreasonable, as they were not related to the hearing in the omnibus case.  The undersigned similarly denied travel expenses for Mr. McHugh in the J.M. et al. omnibus when the travel was not related to the hearings in the cases in March and May 2016 and when petitioners did not otherwise provide an explanation of why such expenses were reasonable or necessary.  J.M. et al., 2018 WL 1514433, at *6.  The undersigned thus reduces petitioners' costs by the $451.922 spent on the trip to Baltimore.

Additionally, Mr. Krakow requests reimbursement for office supplies, which the undersigned finds unreasonable.  Mr. Krakow requests $97.05 in reimbursement for office supplies purchased at FedEx Office.  Pet. App., Tab 3 at 30.  As explained by the undersigned in J.M. et

---

[12] In her decision awarding attorneys' fees and costs to the J.M. et al. petitioners, the undersigned also extensively discussed the rationale for why the Program does not compensate experts for research they perform that is not related to drafting their expert opinions.  See J.M. et al., 2018 WL 1514433, at *14-15.

[13] The total cost of Mr. Krakow's trip to Baltimore was $872.94, which Mr. Krakow split between this case and the P.R. et al. case, which was also part of the J.M. et al. omnibus.  Thus, the undersigned reduces Mr. Krakow's application in this case for one half of this cost, or $451.92.

al., 2018 WL 1514433, at *19, office supplies are considered overhead expenses and are not billable to the Program.  The undersigned thus reduces petitioners' costs request by $48.53.[14]

### iii.  Petitioners' Out-of-Pocket Costs

Petitioners' out-of-pocket costs include payment of the filing fee and photocopying costs. Pet. App. at 4.  The undersigned finds these costs reasonable and reimburses them in full.

## II.    Conclusion

For the reasons set forth above, the undersigned finds that petitioners are entitled to an award of attorneys' fees and costs.  The amount of the award is computed as follows:

**Total Fees and Costs Requested:**                          **$103,371.02**

**Attorneys' Fees:**
    Total Requested:                              $93,294.65
    20 % Reduction:                               ($18,658.93)
    Total Awarded:                                $74,635.72

**Total Attorneys' Fees Awarded:**                          **$74,635.72**

**Costs:**
    Total Requested                               $9,631.37

    **Dr. Theresa Deisher:**                      $7,300.00
        Reductions                    ($5,620.00)

    **Other Costs**
        Reduction for travel          ($436.47)
        Reduction for wine/office supplies    ($68.03)

    **Petitioners' Costs**
        Requested                     $445.00
        Reductions                    ($0.00)
        Awarded                       $445.00

    **Total Costs Awarded:**                      **$3,506.87**

    **Accordingly, the Court awards:**

---

[14] Mr. Krakow split the total cost of his meals and the FedEx charges between this case and the P.R. et al. case, which was also part of the J.M. et al. omnibus.  Thus, the undersigned only reduces one half of the total requested costs.

**(1)  $78,142.59 in attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' attorney, Mr. Robert Krakow; and**

**(2) $445.00 in petitioners' costs, in the form of a check payable to petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court shall enter judgment in accordance herewith.[15]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[15] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.